**Larry L. Linder, OSB #010724**
llinder@salememploymentlawyer.com
**Douglas J. Davis, OSB #140577**
ddavis@salememploymentlawyer.com
The Law Office of Larry L. Linder, LLC
3000 Market St Plaza NE, Suite 150
Salem, OR 97301
Tel: (503) 585-1804
Fax: (503) 585-1834
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **DENNIS NARRON,** | Case No. 1:16-cv-00186 |
| Plaintiff, | **COMPLAINT – VIOLATION OF ORS § 659A.030(1)(a) (Age Discrimination); § 659A.199 and .203 (Whistleblowing); Wage Claim Retaliation; Violation of 42 U.S.C. § 1983** |
| vs. | |
| **KLAMATH COMMUNITY COLLEGE,** an Oregon public body, and **ROBERTO GUTIERREZ**, an individual, and **ERIC STASAK**, an individual, | |
| | (Jury Trial Requested) |
| Defendants. | |

Plaintiff alleges:

**JURISDICTION AND VENUE**

1.

Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 (federal question jurisdiction), with pendent jurisdiction over state claims pursuant to § 1367. Plaintiff is asserting claims under the Title 42 of the United States Code.

2.

Plaintiff served KCC with a Tort Claims Notice on or about April 10, 2015. All

Page 1 - Complaint

Law Office of Larry L. Linder, LLC
3000 Market St Plaza NE, Suite 150
Salem, OR 97301
(T)(503)585-1804  (F)(503)585-1834
info@salememploymentlawyer.com

necessary preconditions to commencing this lawsuit have been satisfied. Venue is appropriate in this Court under 28 U.S.C. §1391, because the events giving rise to this complaint occurred in Klamath County, Oregon.

## PARTIES

3.

Plaintiff Dennis Narron ("Plaintiff") is a 63-year-old resident of Klamath County, Oregon.

4.

Defendant Klamath Community College, ("KCC"), is a public institution and a community college located in Klamath County, Oregon. Defendant Roberto Gutierrez ("Gutierrez") is President of KCC, and, on information and belief, a resident of Klamath County, Oregon. Defendant Eric Stasak ("Stasak") was, at the times relevant to his complaint, the Vice President of KCC, and, on information and belief, is a resident of Coos County, Oregon.

## FACTUAL ALLEGATIONS

5.

Plaintiff was hired by KCC as a Campus Safety Specialist in November of 2011, when Plaintiff was 59 years old. A month later, KCC's Human Resources department informed him that he was being converted to an "exempt" employee, charged with supervision of two part-time night liaisons. These liaisons collectively work 20 hours or less per week. Despite the added responsibilities, Plaintiff did not receive a salary increase.

6.

In July of 2012, Ryan Brown ("Brown"), an employee of KCC who was substantially younger than Plaintiff, was also given supervisory authority over a single employee. Brown

Page 2 - Complaint

LAW OFFICE OF LARRY L. LINDER, LLC
3000 MARKET ST PLAZA NE, SUITE 150
SALEM, OR 97301
(T)(503)585-1804 (F)(503)585-1834
INFO@SALEMEMPLOYMENTLAWYER.COM

received an increase of pay in the amount of $250 per month. Plaintiff submitted a request for a raise, relying on the supervisory authority he had been given previously and noting the similarity to Brown's salary increase. No action was taken on this request.

7.

In or around October of 2012, Plaintiff distributed an e-mail to other non-licensed, exempt employees of KCC, inquiring about their potential interest in discussing collective bargaining. The following day, Plaintiff was contacted by KCC, which reprimanded him for circulating the e-mail and engaging in collective bargaining. Plaintiff cancelled the meeting.

8.

In a subsequent meeting with Gutierrez and Stasak, Plaintiff attempted to explain his purpose in forming a collective bargaining unit, as he desired to improve communication between his class of employee and the administration. Plaintiff's purpose was also to complain about and oppose KCC's actions in preventing him from engaging in such concerted activity. Gutierrez responded by picking up Plaintiff's request for a raise, which was still on his desk, throwing it down, and stating, "Denied."

9.

In April of 2013, Plaintiff's supervisor retired. When Plaintiff inquired as to who would be handling the responsibility of performing the supervisor's duties, including completing the Oregon State Department of Public Safety Standards & Training course, Stasak told him that the additional responsibility was Plaintiff's. Plaintiff inquired if there would be additional compensation for the additional job duties, as he had witnessed numerous younger co-workers, including but not limited to Tammy Cosand, Ryan Brown, Kristi English, and Luke Ovgard, receive raises when they took on new responsibilities. At least one employee close to Plaintiff's age, had similarly been denied salary increases despite being assigned additional responsibilities

Page 3 - Complaint

Law Office of Larry L. Linder, LLC
3000 Market St Plaza NE, Suite 150
Salem, OR 97301
(T)(503)585-1804 (F)(503)585-1834
info@salememploymentlawyer.com

beyond his job description of "groundskeeper." Plaintiff was treated differently than other employees because of his age. The next day, Plaintiff was reprimanded for creating a negative environment by inquiring about the raise.

10.

In or around January of 2015, KCC hired a consulting company ("Trupp") to conduct a salary survey based on employee's positions. When the consulting company presented its findings, Plaintiff contacted them to discuss errors in the analysis. When he asked about the value for an "Emergency Manager" position which was the responsibility of the Plaintiff, the company did not know what that position entailed, indicating that the company failed to consider important and relevant information in performing its survey and recommending a salary for Plaintiff's position. Plaintiff opposed this wage decision.

11.

Plaintiff shared an office with a co-worker, Edis Worden ("Worden"). Two maintenance personnel would regularly come into the office to discuss work and safety issues with Plaintiff. Occasionally, these conversations turned toward a discussion of general dissatisfaction with salary. These conversations about work conditions constitute protected concerted action under applicable labor laws. Plaintiff's office-mate never complained, and responded to a question as to whether she was okay with the discussion that she was "good with it." Following a cursory "investigation," in which none of the employees who visited Plaintiff in his office were questioned, on or about February 5, 2015, Plaintiff was suspended for five days allegedly for "creating an environment that caused Worden to feel like she had to leave her office," when in fact KCC was suspending Plaintiff for continuing to participate in concerted action after being reprimanded for it in the past. As part of the suspension, Plaintiff was escorted off the campus, his name was removed from KCC's web-site, and he was denied

Page 4 - Complaint

Law Office of Larry L. Linder, LLC
3000 Market St Plaza NE, Suite 150
Salem, OR 97301
(T)(503)585-1804  (F)(503)585-1834
info@salememploymentlawyer.com

access to his employer e-mail account, causing him embarrassment, humiliation, and other emotional distress. When Plaintiff requested a witness for the suspension meeting, Vice President Frances Kelly informed him that he is exempt, unrepresented by a union, and therefore not entitled to have any witnesses. Plaintiff appealed his suspension without pay on or about March 3, 2015; the appeal hearing was held telephonically on June 10th and no written decision has been issued. Plaintiff has since learned that the appeal was denied, and that KCC and Gutierrez deny an obligation to inform Plaintiff of the denial or the reasons therefor, in writing or otherwise.

12.

Plaintiff filed a complaint against Worden on or about March 9, 2015, alleging that Worden would make personal telephone calls that disrupted the office environment, causing Plaintiff to leave the office; that Worden's son would sleep in the office, at times blocking the door pathway; and other complaints regarding the office atmosphere. This complaint was not investigated by Gutierrez of KCC. Plaintiff was treated differently than similarly situated employees because he was the target of an investigation and suffered discipline, whereas Worden was not and did not. This was in retaliation for Plaintiff's previous protected activities, described above.

13.

Hourly employees of KCC are given an annual raise of 2%; non-exempt employees are not. Since his hire in 2011, Plaintiff's salary has increased only 4.5%, whereas a non-exempt employee in the same position would have had an increase of 8%. When Plaintiff spoke with Stasak about a raise for the additional responsibilities, Stasak told him that his salary was sufficient because Plaintiff has "that other retirement," referring to an account from Plaintiff's previous employment in the state of California. Younger employees are not denied raises on

Page 5 - Complaint

Law Office of Larry L. Linder, LLC
3000 Market St Plaza NE, Suite 150
Salem, OR 97301
(T)(503)585-1804 (F)(503)585-1834
INFO@SALEMEMPLOYMENTLAWYER.COM

this basis.

14.

KCC's suspension of Plaintiff without pay, its consistent denial of Plaintiff's requests for raises despite additional responsibilities performed by Plaintiff, its intentional misclassification of Plaintiff as an exempt employee, and its efforts to prevent Plaintiff from discussing the formation of a collective bargaining unit or engaging in protected concerted activity, constitute a pattern and practice of discrimination based on age, and retaliation for his opposition to KCC's efforts to quash his collective bargaining efforts, retaliation for his wage requests, and for his reporting of conduct Plaintiff reasonably believed to be unlawful.

## FIRST CLAIM AGAINST KCC–STATE STATUTORY DISCRIMINATION

### (Count 1–Age Discrimination – Disparate Treatment (ORS 659A.030))

15.

Plaintiff realleges paragraphs 1-14. Pursuant to ORS 659A.030, "It is an unlawful employment practice for an employer, because of an individual's . . . age if the individual is 18 years of age or older, . . . to discriminate against such an individual in compensation or in terms, conditions, or privileges of employment." KCC is an employer within the purview of this statute. Discrimination committed by KCC, as alleged above, affected Plaintiff's employment opportunities, compensation, terms, conditions, and privileges of employment and is a direct violation of this statute.

16.

Plaintiff suffered from discrimination based on his age as described in the paragraphs above. Plaintiff was subjected to adverse employment actions and was treated differently than similarly-situated, younger employees, including but not limited to the disparate provision of wage increases to KCC's employees.

Page 6 - Complaint

Law Office of Larry L. Linder, LLC
3000 Market St Plaza NE, Suite 150
Salem, OR 97301
(T)(503)585-1804  (F)(503)585-1834
info@salememploymentlawyer.com

17.

As a result of KCC's unlawful employment actions, Plaintiff suffered and continues to suffer humiliation, anxiety, distress, and impairment of Plaintiff's personal dignity and right to be free from discrimination or interference with Plaintiff's statutory rights. Plaintiff has also suffered, and continues to suffer, economic damages, including, but not limited to, past and future wages, past and future benefits, and other expenses.

18.

Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

19.

Plaintiff is entitled to equitable relief, including without limitation an award of an award of back pay, lost benefits, future lost earnings and benefits, and other compensatory damages for future pecuniary losses.

20.

Plaintiff requests an order by this Court declaring that KCC violated ORS 659A.030.

21.

As a result of KCC's violations of ORS 659A.030, Plaintiff requests equitable relief, economic damages to be determined by a jury at the time of trial for back pay, benefits, and front pay; and compensatory damages to be determined by a jury at the time of trial.

22.

Pursuant to ORS 659A.885 and ORS 20.107, Plaintiff is entitled to his reasonable attorney fees, costs, expert witness fees, and disbursements in this action. KCC's actions, as described above, were knowing, intentional and malicious. Plaintiff is entitled to punitive

Page 7 - Complaint

Law Office of Larry L. Linder, LLC
3000 Market St Plaza NE, Suite 150
Salem, OR 97301
(T)(503)585-1804  (F)(503)585-1834
info@salememploymentlawyer.com

damages.

**(Count 2 – Whistleblowing (ORS 659A.199))**

23.

Plaintiff realleges paragraphs 1-22. According to ORS 659A.199, "It is an unlawful employment practice for an employer to discharge, demote, suspend or in any manner discriminate or retaliate against an employee with regard to promotion, compensation or other terms, conditions or privileges of employment for the reason that the employee has in good faith reported information that the employee believes is evidence of a violation of a state or federal law, rule or regulation."

24.

KCC is an employer pursuant to ORS 659A.199.

25.

Plaintiff made complaints and disclosures as alleged above that Plaintiff reasonably believed were evidence of violations of state or federal law, rule or regulation, including but not limited to violation of state and federal labor laws and regulations.

26.

KCC violated the provisions of ORS 659A.199 by retaliating against Plaintiff, by, *inter alia,* ignoring his complaints, suspending Plaintiff without pay, reprimanding Plaintiff and chilling his efforts to engage in concerted activity and collective bargaining, and denying his requests for wage increases.

27.

As a result of KCC's unlawful employment actions, Plaintiff suffered humiliation, anxiety, distress, and impairment of Plaintiff's personal dignity and right to be free from discrimination or interference with Plaintiff's statutory rights. Plaintiff has also suffered

Page 8 - Complaint

Law Office of Larry L. Linder, LLC
3000 Market St Plaza NE, Suite 150
Salem, OR 97301
(T)(503)585-1804  (F)(503)585-1834
info@salememploymentlawyer.com

economic damages, including, but not limited to, past wages, past benefits, and other expenses.

28.

Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

29.

Plaintiff is entitled to equitable relief, including, but not limited to, compensatory damages for past and future pecuniary losses.

30.

Plaintiff requests a declaration by this Court that KCC violated ORS 659A.199.

31.

As a result of KCC's violations of ORS 659A.199, Plaintiff requests damages from the date of OSH's unlawful conduct until the date of trial. Plaintiff requests equitable relief, economic damages to be determined by the jury at the time of trial for back pay and benefits, and compensatory damages to be determined by the jury at the time of trial.

32.

Pursuant to ORS 659A.885 and ORS 20.107, Plaintiff is entitled to his reasonable attorney fees, costs, expert witness fees, and disbursements in this action.

**(Count 3: Whistleblowing (ORS 659A.203))**

33.

Plaintiff realleges Paragraphs 1-32. According to ORS 659A.203(1)(b)(A) and (B), "it is an unlawful employment practice for any public employer to prohibit any employee from disclosing, or take or threaten to take disciplinary action against an employee for the disclosure of any information that the employee reasonably believes is evidence of a violation of any

Page 9 - Complaint

Law Office of Larry L. Linder, LLC
3000 Market St Plaza NE, Suite 150
Salem, OR 97301
(T)(503)585-1804  (F)(503)585-1834
info@salememploymentlawyer.com

federal or state law, rule or regulations by the state, agency or political subdivision" or "mismanagement, gross waste of funds or abuse of authority or substantial and specific danger to public health and safety resulting from action of the state, agency or political subdivision." According to ORS 659A.203(1)(d), it is also an unlawful employment practice to "discourage, restrain, dissuade, coerce, prevent or otherwise interfere with disclosure or discussions described in this section."

34.

KCC is a public employer pursuant to ORS 659A.200.

35.

Plaintiff disclosed information that he believed was evidence of violations of federal law and state law, agency rule and regulation, and were mismanagement, a gross waste of funds, and abuse of authority, including but not limited to claims regarding payment of his wages and interference with his collective bargaining rights under state and federal labor law, and KCC took disciplinary action against him. KCC's actions constitute abuse of authority in that they suspended him and denied his raise request, among other conduct, despite their duties under the law. KCC's conduct violated ORS 659A.203.

36.

As a result of KCC's unlawful employment actions, Plaintiff suffered and continues to suffer humiliation, anxiety, distress, and impairment of Plaintiff's personal dignity and right to be free from discrimination or interference with Plaintiff's statutory rights. Plaintiff has also suffered, and continues to suffer, economic damages, including, but not limited to, past and future wages, past and future benefits, and other expenses.

37.

Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for

Page 10 - Complaint

LAW OFFICE OF LARRY L. LINDER, LLC
3000 MARKET ST PLAZA NE, SUITE 150
SALEM, OR 97301
(T)(503)585-1804  (F)(503)585-1834
INFO@SALEMEMPLOYMENTLAWYER.COM

emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

38.

Plaintiff is entitled to equitable relief, including, but not limited to, an award of back pay, lost benefits, future lost earnings and benefits, and other compensatory damages for future pecuniary losses.

39.

Plaintiff requests an order by this Court declaring that KCC violated ORS 659A.203.

40.

As a result of these violations of ORS 659A.203, Plaintiff requests equitable relief, economic damages in an amount to be determined by the jury at the time of trial for back pay, benefits, and front pay, and compensatory damages to be determined by the jury at the time of trial.

41.

Pursuant to ORS 659A.885 and ORS 20.107, Plaintiff is entitled to his reasonable attorney fees, costs, expert witness fees, and disbursements in this action. KCC's actions, as described above, were knowing, intentional and malicious. Plaintiff is entitled to punitive damages.

**(Count 4 – Wage Claim Retaliation (ORS 652.355))**

42.

Plaintiff realleges paragraphs 1-41.  Pursuant to ORS 652.355, "[a]n employer may not discharge or in any other manner discriminate against an employee because (a) the employee has made a wage claim or discussed, inquired about or consulted an attorney or agency about a wage claim."  Such conduct is an unlawful employment practice. KCC is an

Page 11 - Complaint

Law Office of Larry L. Linder, LLC
3000 Market St Plaza NE, Suite 150
Salem, OR 97301
(T)(503)585-1804  (F)(503)585-1834
INFO@SALEMEMPLOYMENTLAWYER.COM

employer within the purview of this statue.

43.

Plaintiff engaged in activity protected by this statute when he discussed and inquired about his wages, potential raises, and apparent disparity with other classes of employment in wages, with Gutierrez and Stasak.  KCC retaliated and discriminated against Plaintiff as alleged in the paragraphs above, including but not limited to by suspending him without pay, denying his requests for wage increases, and disciplining him.

44.

KCC's discrimination and retaliation towards Plaintiff constitutes a violation of ORS 652.355.

45.

As a result of KCC's unlawful employment actions, Plaintiff suffered and continues to suffer humiliation, anxiety, distress, and impairment of Plaintiffs personal dignity and right to be free from discrimination or interference with Plaintiffs statutory rights. Plaintiff has also suffered, and continues to suffer, economic damages, including, but not limited to, past and future wages, past and future benefits, and other expenses.

46.

Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

47.

Plaintiff is entitled to equitable relief including, but not limited to, an award of back pay, lost benefits, future lost earnings and benefits, and other compensatory damages for future pecuniary losses.

Page 12 - Complaint

Law Office of Larry L. Linder, LLC
3000 Market St Plaza NE, Suite 150
Salem, OR 97301
(T)(503)585-1804  (F)(503)585-1834
info@salememploymentlawyer.com

48.

Plaintiff requests a declaration by this Court that KCC violated ORS 652.355.

49.

As a result of KCC's violations of ORS 652.355, Plaintiff requests equitable relief, economic damages in an amount to be determined by the jury at the time of trial for back pay, benefits, and front pay, and compensatory damages to be determined by the court at the time of trial. To the extent that any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

50.

Pursuant to ORS 659A.885 and ORS 20.107, Plaintiff is entitled to his reasonable attorney fees, costs, expert witness fees, and disbursements in this action. The actions of KCC, as described above, were knowing, intentional and malicious. Plaintiff is entitled to punitive damages

## **SECOND CLAIM AGAINST GUTIERREZ AND STASAK –**

## **VIOLATION OF 42 U.S.C. § 1983**

51.

Plaintiff realleges paragraphs 1-50. Plaintiff has constitutional rights under the First, Fourth, and Fourteenth Amendments to freedom of speech and assembly without state interference, to be secure in his person, his right of privacy, his right to due process of law, and his right to equal protection under the laws. 42 U.S.C. § 1983 provides that a party shall be liable when it "subjects, or causes to be subjected, any person of the United States . . . deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States."

Law Office of Larry L. Linder, LLC
3000 Market St Plaza NE, Suite 150
Salem, OR 97301
(T)(503)585-1804  (F)(503)585-1834
info@salememploymentlawyer.com

52.

At all times material to this complaint, Defendants Gutierrez and Stasak acted or purported to act in the performance of official duties under state statutes or regulations.

53.

Plaintiff was disciplined and ultimately suspended based on the content of his communications to other employees of KCC on a matter of public concern, and prevented from assembling with those other employees to discuss collective bargaining and issues related to their wages. The discipline and suspension were issued without a proper investigation, pursuant to vague and inconsistent charges brought against Plaintiff, without proper notice or an opportunity to be heard, violating Plaintiff's due process rights. The disciplinary memo was issued by Stasak at the direction of Gutierrez. On information and belief, all disciplinary acts complained of herein were taken against plaintiff at the direction of Gutierrez and Stasak. The notice of discipline was not adequately specific to permit him to address the college's concerns. Plaintiff was not provided with a clear understanding of the charges to respond to them. During Plaintiff's appeal, he was permitted to make argument, but was never instructed as to the precise bases for the discipline against him, rendering him unable to specifically respond to the charges. Gutierrez asked no questions and provided no clarification during the appeal. Finally, Plaintiff has received to indication as to the outcome of the appeal, or the reasons for upholding or reversing it.

54.

Gutierrez's and Stasak's actions and inaction as alleged in the paragraphs above, constitute a violation of 42 U.S.C. § 1983 for which Plaintiff is entitled to relief. The violations of 42 U.S.C. § 1983 engaged in by Gutierrez resulted in Plaintiff being deprived of his rights, privileges, or immunities secured by the Constitution and laws of the United States.

Page 14 - Complaint

Law Office of Larry L. Linder, LLC
3000 Market St Plaza NE, Suite 150
Salem, OR 97301
(T)(503)585-1804  (F)(503)585-1834
info@salememploymentlawyer.com

55.

Plaintiff requests an order by this Court declaring that Gutierrez and Stasak individually and collectively violated 42 U.S.C. § 1983.

56.

As a result of Gutierrez's and Stasak's violations of 42 U.S.C. § 1983, Plaintiff requests equitable relief, economic damages to be determined by the jury at the time of trial for back pay, benefits, and front pay, and compensatory damages to be determined by the jury at the time of trial.

57.

Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to his reasonable attorney fees, costs, expert witness fees, and disbursements in this action.

**WHEREFORE**, Plaintiff requests equitable relief, punitive damages, economic damages to be determined by a jury at the time of trial, and compensatory damages to be determined by a jury at the time of trial.  Pursuant to ORS 659.885, ORS 20.107, and 38 U.S.C. § 4323(i) Plaintiff requests his reasonable attorney fees and costs in this action.

DATED this 3rd day of February, 2016.

 s/ Douglas J. Davis
Larry L. Linder    OSB#010724
Douglas J. Davis    OSB#140577
Attorney for Plaintiff
Law Office of Larry L. Linder, LLC
3000 Market St. Plaza NE, Suite 150
Salem, Oregon 97301
Telephone: (503)585-1804
Facsimile: (503)585-1834
info@salememploymentlawyer.com

Page 15 - Complaint

Law Office of Larry L. Linder, LLC
3000 Market St Plaza NE, Suite 150
Salem, OR 97301
(T)(503)585-1804  (F)(503)585-1834
INFO@SALEMEMPLOYMENTLAWYER.COM